IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60012
Conference Calendar
_____

JOSEPH WRIGHT,

Plaintiff-Appellant,

versus

EDDIE LUCAS, Commissioner,
Mississippi Department of Corrections,
ET AL.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. CA 93-236
- - - - - - - - - - -

August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Joseph Wright argues that the magistrate judge abused his discretion by denying Wright's motion for the appointment of counsel. An interlocutory order denying the appointment of counsel in a civil rights action may be immediately appealed. Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985).

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

There is no automatic right to the appointment of counsel in a 42 U.S.C. § 1983 case. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A district court is not required to appoint counsel in the absence of "exceptional circumstances," which are dependent upon the type and complexity of the case and the abilities of the individual pursuing that case. Id. Absent a clear abuse of discretion, this court will not overturn a decision of the district court on the appointment of counsel. Id.

The magistrate judge considered the appropriate factors and gave adequate reasons when he denied Wright's motion for the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). Wright's complaint is not complex; he is simply challenging the conditions of his confinement, alleging that fellow inmates smoke cigarettes wrapped in toilet paper wrappers and that he is forced to inhale the second-hand smoke. Wright's pleadings and numerous motions show that he is literate and capable of presenting coherent arguments to the court. Because Wright's § 1983 action relied on factual matters that Wright is able to investigate and present to the court on his own, he does not need legal skills or training to inform the court adequately of his allegations. See Feist v. Jefferson County Comm'rs Court, 778 F.2d 250, 253 (5th Cir. 1985). Wright has not presented exceptional circumstances warranting the appointment of counsel. The magistrate judge thus did not abuse his discretion by denying Wright's motion.

AFFIRMED.